**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ACCESS FOR THE DISABLED,**
**INC. et al,**

    **Plaintiffs,**

**v.**                                                     **Case No.  8:11-cv-2342-T-30EAJ**

**FIRST RESORT, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Summary Judgment (Dkt. 18) and Defendant's Response (Dkt. 19).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied without prejudice as premature.

## **DISCUSSION**

This is a case brought under Title III of the Americans with Disabilities Act ("ADA"). On November 16, 2011, the Court entered an ADA Scheduling Order (Dkt. 9).  Paragraph 5 of that Order states: "Until further order of the Court, all discovery (except as provided herein) is **STAYED**."  *Id.*

Plaintiffs, however, move for summary judgment, arguing that "there is no contrary evidence in the record" that Plaintiffs are entitled to summary judgment (Dkt. 18).

Defendant counters that Plaintiffs' motion is premature because discovery in this case is stayed, pending the Court's ADA Scheduling Order. Defendant contends that it needs to take Plaintiff Patricia Kennedy's deposition in order to determine "the nature and extent of her disability, if any", but has been unable to do so given the discovery stay. Defendant also notes that the law is clear that summary judgment should not be entered until the non-movant has had an adequate opportunity for discovery (Dkt. 19).

The Court agrees with Defendant to the extent that it argues that Plaintiffs' motion is premature. As stated in *Blumel v. Mylander*, 919 F.Supp. 423, 428 (M.D. Fla. 1996), Fed. R. Civ. P. 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted).

Clearly, Defendant has not received an "adequate opportunity for discovery" given the stay in place. Accordingly, Plaintiffs' motion for summary judgment is premature and is denied without prejudice. Plaintiffs may refile their summary judgment motion and reassert the arguments contained therein after Defendant has an opportunity to engage in discovery.

Finally, given the parties' failure to reach a settlement at mediation (Dkt. 17), the discovery stay is hereby lifted. The parties shall have until **May 18, 2012,** to conduct discovery. The dispositive motion deadline is **June 15, 2012**. The A.D.A. Status Conference set for May 17, 2012 is cancelled.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion for Summary Judgment (Dkt. 18) is DENIED without prejudice as premature.

2. The discovery stay issued in this case is hereby lifted.

3. Pre-Trial Conference is set for **THURSDAY, AUGUST 2, 2012, AT 9:30 A.M.** in Courtroom #13A, Sam Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Time reserved: Fifteen (15) minutes. Jury Trial is scheduled for **SEPTEMBER 2012.**

4.     The parties shall adhere to the discovery and dispositive motion deadlines set forth above.

**DONE** and **ORDERED** in Tampa, Florida on March 29, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2342.msj18.frm