UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ACCESS FOR THE DISABLED, INC.**
**and PATRICIA KENNEDY,**

    **Plaintiffs,**

**v.**                                                                  Case No.  8:11-cv-2342-T-30EAJ

**FIRST RESORT, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' and Defendant's motions for summary judgment (Dkts. 27 and 28) and their respective responses in opposition (Dkts. 35 and 37). The Court, having reviewed the motions, responses, record evidence, and being otherwise advised of the premises, concludes that Plaintiffs' motion should be granted in part and Defendant's motion should be denied in part on the issue of Plaintiffs' standing and the element of disability. The Court reserves ruling on the issue of whether the architectural barriers were remedied. Finally, the Court concludes that there is a genuine issue of material fact with respect to whether certain remedies are "readily achievable."

## BACKGROUND

Plaintiffs bring this action against Defendant under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*.

Plaintiff Pat Kennedy is visually impaired. Kennedy also has a physiological disorder or condition affecting the musculoskeletal system that impairs her mobility. Kennedy describes her condition as a "crushed" spinal cord from a car accident. Kennedy receives social security disability based on the above conditions. Kennedy is unable to walk long distances without the assistance of a wheelchair or scooter. In addition to her spinal cord issues, Kennedy has a vestibular disorder that disrupts her balance.

Kennedy is a member of Plaintiff Access for the Disabled, Inc. ("Access"). The purpose of Access is to advocate the rights of disabled persons, including their right to visit places of public accommodations free of discrimination.

Kennedy is an ADA "tester"[1] and she and Access have been plaintiffs in numerous Title III ADA cases in this district.

On June 6 2011, Kennedy attempted to stay one night at Defendant's property, Siesta Inn and Suites, located at 2302 1st St. East, Bradenton, FL 34208. Kennedy was accompanied by Pete Lowell.[2] When Kennedy checked into her room, she noticed various ADA violations which served as barriers. Kennedy also noticed that the hotel's parking spaces, curb approaches, ramps, accommodations, (like tables and counter tops), and restrooms were inaccessible and/or non-compliant.

---

[1] "Testers" are those individuals qualified under the ADA as disabled who test entities' compliance with the ADA.

[2] Lowell is also Plaintiffs' expert in this case.

The record reflects that Kennedy plans to return to Siesta Inn and Suites once it is ADA compliant. Although she is a resident of Fort Lauderdale, Florida, Kennedy testified during her deposition that she likes to visit the Sarasota/Bradenton area to shop and be close to the beach. Kennedy testified that she visits the Sarasota/Bradenton area about every two or three months. On some occasions, she has traveled to the area as an ADA tester.

This case is at issue upon both parties' motions for summary judgment.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions,

answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

### I.  Standing

Article III grants federal courts judicial power to decide only cases and controversies. *Allen v. Wright,* 468 U.S. 737 (1984). The constitutionally minimum requirements for standing are: (1) the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a "concrete and particularized" injury; (2) the injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressed by a favorable court decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-

61 (1992). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Wooden v. Bd of Regents of Univ. Sys. of Georgia,* 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original). With respect to ADA cases, "courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001).

Defendant moves for summary judgment, in part, on its claim that Plaintiffs cannot meet these standing requirements. Specifically, Defendant argues that Kennedy is an ADA "tester" who does not have standing to seek enforcement of the ADA via injunctive relief. Defendant also contends that Kennedy's allegation of future injury is conjectural and hypothetical.[3]

Plaintiffs also move for summary judgment and contend that Plaintiffs have standing as a matter of law. The Court agrees.

First, whether Kennedy is an ADA "tester" does not preclude her standing in this case. Defendant's arguments on this issue are unpersuasive because numerous courts in this district have held that ADA testers or serial ADA plaintiffs have standing in a Title III ADA case. *See Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1315-16 (M.D. Fla. 2010) (listing

---

[3] Defendant's other arguments with respect to whether Kennedy is disabled will be discussed in section II.

cases); *see also Segal v. Rickey's Restaurant and Lounge, Inc.*, 2012 WL 2393769, at *4-5 (S.D. Fla. June 25, 2012).[4]

Second, the record is undisputed that Kennedy plans on returning to the subject property. As stated above, Kennedy testified at length during her deposition about the extent of her travels to the Bradenton/Sarasota area. Defendant questions Kennedy's intentions, but Defendant does not cite to any record <u>evidence</u> to dispute these facts.

Finally, Defendant appears to argue that Access lacks standing because Kennedy lacks standing. Having determined that Kennedy has standing, as a matter of law, this argument fails.

Accordingly, Plaintiffs' standing in this case is established as a matter of law.

**II.** ***Prima Facie* Case**

A plaintiff alleging Title III ADA discrimination must initially prove that (1) she is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *See Segal v. Rickey's Restaurant and Lounge, Inc.*, 2012 WL 2393769, at *7 (S.D. Fla. June 25, 2012). To meet the burden of proof in discrimination cases focused on pre-existing buildings, a plaintiff must present evidence of a barrier, the removal of which is "readily achievable." *See Gathright–Dietrich v. Atlanta Landmarks, Inc.,* 452 F.3d 1269,

---

[4] Notably, the Eleventh Circuit held that pre-suit notice is not required for Title III ADA claims. *Assoc. of Disabled Amer. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359-60 (11th Cir. 2006).

1273 (11th Cir. 2006); *Access Now, Inc. v. S. Fla. Stadium Corp.,* 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001) (discrimination includes "a private entity's failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable.") (internal quotation marks omitted); *see also* 42 U.S.C. § 12181(9) ("'[R]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense."). If the plaintiff meets this burden, the defendant then bears the ultimate burden of persuasion that barrier removal is not "readily achievable." *Gathright–Dietrich,* 452 F.3d at 1273.

Defendant argues, in favor of summary judgment on Plaintiffs' *prima facie* case, that Kennedy is not disabled under the ADA as a matter of law. Defendant also argues that any architectural barriers have been remedied, which moots Plaintiffs' claims, or that removal of the barriers is not readily achievable.

Plaintiffs argue that they are entitled to summary judgment because Kennedy is disabled as a matter of law and Defendant has not referred to any expert testimony to support its contention that it remedied the architectural barriers.

**A.     Is Kennedy Disabled under the ADA?**

Defendant, in one vein, argues that Kennedy is an ADA tester and, in another vein, argues that Kennedy is not disabled under the ADA. Defendant's argument that Kennedy is not disabled lacks merit.

The record is undisputed that Kennedy is visually impaired and suffers physical impairments as a result of a physiological disorder or condition affecting her musculoskeletal

system. Kennedy is receiving social security disability based on these conditions.[5] Defendant quibbles with some of Kennedy's sworn testimony, arguing that she is not entirely bound to a wheelchair and can walk short distances. This is unpersuasive and ignores the ADA's definition of disability as (1) a physical or mental impairment that <u>substantially limits</u> one or more of the major life activities of an individual, (2) a record of such impairment, or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Notably, the applicable regulations define "physical impairment" as including a physiological disorder or condition affecting the musculoskeletal system. 28 C.F.R. § 35.104.

Here, the record is undisputed that Kennedy's ability to walk, a major life activity, is substantially limited. Accordingly, the Court holds, as a matter of law, that Kennedy is disabled under the ADA.

### B.     Did Defendant Remedy the Barriers?

Both parties argue that they are entitled to summary judgment on the issue of whether Defendant remedied the architectural barriers asserted in this case. Defendant relies upon the affidavit of Yovall Augoshe, the owner of the subject property, to argue that the barriers were remedied, other than the ones that are not readily achievable. Plaintiffs argue that this self-serving testimony is insufficient and that they are therefore entitled to summary judgment on each barrier that their expert identified in his expert report.

---

[5] The Court notes that although this is not dispositive of the issue of whether Kennedy is disabled under the ADA, it is certainly persuasive evidence.

The Court concludes that Defendant may rely on the affidavit of its owner to assert that the architectural defects were remedied, which would moot Plaintiffs' claims. However, Plaintiffs are entitled to an opportunity, via reinspection of the subject property, to rebut the affidavit. The record is incomplete on this issue because, at the time the parties filed their motions for summary judgment, Plaintiffs had not yet reinspected the subject property to come to their own conclusion about whether Defendant remedied the architectural barriers.[6]

Accordingly, the Court reserves ruling on this issue at this time. Plaintiffs shall file a supplemental affidavit on this issue by **Wednesday, July 25, 2012**.

### C.  Are All of the Remedies Readily Achievable?

Defendant vaguely argues that some of the remedies (specifically, to the roll-in shower and pool gates) are not readily achievable. Whether the removal of a barrier is "readily achievable" under the ADA requires a factual analysis. Specifically, in determining whether the removal of a barrier is "readily achievable," the following factors must be considered: (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such

---

[6] Specifically, after the parties filed their motions for summary judgment, the Court granted Plaintiffs' motion to reinspect the subject property to verify Defendant's claim that the barriers have been removed (Dkt. 34).

entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. *Gathright–Dietrich,* 452 F.3d at 1273 (citing 42 U.S.C. § 12181(9)).

Defendant has not provided record evidence to address each of these factors. And Plaintiffs rely on their expert report to dispute Defendant's contention that the roll-in shower and pool gate barriers are not readily achievable. Thus, there is a genuine factual dispute precluding summary judgment in favor of either party on these issues.

Finally, while the Court agrees with Defendant's argument that the architectural barriers claimed in this action are limited to those barriers that Kennedy experienced or was aware of at the time of the filing of the complaint, Defendant mistakenly relies exclusively on one of Kennedy's interrogatory answers to set these limits. Defendant ignores the list of barriers alleged in the complaint and Kennedy's deposition testimony about the barriers she encountered in the hotel room, like the lack of a roll-in shower, and other barriers throughout the room and bathroom. Kennedy also testified about the parking area and talked generally about issues with the common areas.

However, the barriers associated with the pool gates were not alleged in the complaint or referenced in any of Kennedy's testimony or interrogatory answers. Indeed, Kennedy stated during her deposition that she did not specifically recall checking the pool gates. Thus, Defendant is not responsible for remedying any barriers related to the pool gates because Kennedy did not experience any discrimination with respect to the pool gates. *See Norkunas v. Seahorse NB, LLC,* 2011 WL 5041705, at *2 (11th Cir. Oct. 25, 2011) (finding

that the plaintiff lacked standing to bring claims regarding the motel's designated accessible rooms because he failed to request an accessible room and thus did not experience discrimination related to the accessible room); *Harty v. SRA/Palm Trails Plaza, LLC,* 755 F. Supp. 2d. 1215, 1217 (S.D. Fla. 2010) (limiting Rule 34 inspection of the defendant's property to only the specific barriers to access alleged in the complaint); *Macort v. Goodwill Indus.-Manasota, Inc.,* 220 F.R.D. 377, 379 (M.D. Fla. 2003) (same).

It is therefore **ORDERED AND ADJUDGED** that, for the reasons stated herein:

1. Plaintiffs' Second Motion for Summary Judgment (Dkt. 27) is granted in part and denied in part.

2. Defendant's Motion for Summary Judgment (Dkt. 28) is denied in part. The Court reserves ruling on the issue of whether Defendant remedied the barriers.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2342.msjs27and28.frm