UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ACCESS FOR THE DISABLED, INC.**
**and PATRICIA KENNEDY,**

    **Plaintiffs,**

v.                                            Case No.  8:11-cv-2342-T-30EAJ

**FIRST RESORT, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Verified Motion for Attorney Fees and Costs (Dkt. 70) and Plaintiffs' Memorandum in Opposition (Dkt. 72).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that Defendant's request for fees should be denied and Defendant's request for costs should be granted in part.

## BACKGROUND

Plaintiffs brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq,* and requested only injunctive relief.  The Court conducted a non-jury trial in this action on September 24, 2012, and September 25, 2012.  On September 28, 2012, the Court entered an Order setting forth its findings of fact and conclusions of law in accordance with its obligations under Rule 52 of the Federal Rules of Civil Procedure (Dkt. 67).  The Court's Order concluded that Plaintiffs failed to establish standing.  The Court also concluded that, even if Plaintiffs established standing, their remaining claims were moot,

with the exception of the roll in shower and side grab bar. With respect to the roll in shower, the Court concluded that Plaintiffs did not establish that it was readily achievable. With respect to the side grab bar, the Court concluded that Plaintiffs did not meet their burden in properly placing Defendant on notice of this barrier. The Court directed the Clerk of Court to enter judgment in Defendant's favor.

On October 8, 2012, Defendant filed the instant motion for attorney's fees and costs (Dkt. 70). On October 10, 2012, Plaintiffs filed their memorandum in opposition (Dkt. 72).

## **DISCUSSION**

**I.     Defendant's Request for Attorney's Fees**

Defendant argues that it is entitled to reasonable attorney's fees as the prevailing party in this case. Plaintiffs argue that Defendant is not a prevailing party under the ADA because the Court concluded that Plaintiffs did not have standing, which is tantamount to a dismissal for lack of jurisdiction. Plaintiffs also argue that, even if Defendant is a prevailing party, Defendant cannot establish that Plaintiffs' action was frivolous, unreasonable, or without foundation.

The Court concludes that it need not address the more difficult issue of whether Defendant should be classified as a "prevailing party" under the ADA because the Court agrees with Plaintiffs' argument that Defendant cannot establish the second prong of the analysis, to wit, that Plaintiffs' action was frivolous, unreasonable, or without foundation.

The parties agree that *Christianburg* applies to the analysis of whether Defendant is entitled to attorney's fees. In *Christianburg,* the Supreme Court held that for a defendant to receive prevailing attorney's fees in a civil rights case, the court must determine that the

plaintiff's claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14 (1980). The Supreme Court in *Christianburg* cautioned, as follows:

> [i]n applying these criteria, it is important to resist the understandable temptation to engage in *ad hoc* reasoning by concluding that, because a plaintiff did not prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22. Even weak and speculative cases are insufficient grounds to award attorney's fees. *See Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 774 (11th Cir. 2008).

Plaintiffs commenced the instant action for injunctive relief under Title III of the ADA for removal of barriers to access which discriminated against Patricia Kennedy on the basis of her disability. Throughout the course of this action, Defendant remedied the majority of the barriers. Although the Court ultimately concluded, after a two-day bench trial, that Plaintiffs did not establish standing, the Court cannot say that Plaintiffs' claims were "frivolous, unreasonable, or without foundation". Thus, it would be inappropriate to award Defendant its attorney's fees under these circumstances and Defendant's request for attorney's fees is denied.

**II.     Defendant's Request for Costs**

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." For the purposes of costs, the Court concludes that Defendant prevailed in this case and is entitled to recover the costs enumerated under 28 U.S.C. § 1920. Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in section 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987).

Defendant requests costs associated with westlaw research, the deposition transcripts of Defendant and Plaintiff, court exhibit supplies, copies of trial exhibits, expert fees, and mediator fees. As Plaintiffs point out, the majority of these costs are unavailable under section 1920. And Defendant presents no argument on how any of these costs were "necessarily obtained for use in the case". It appears that Defendant just assumes these costs are compensable; Defendant's assumption is incorrect. Notably, costs incurred for the convenience of counsel are not taxable. *Lehman Bros. Holdings v. Hirota,* 2010 WL

3043653, at *4 (M.D. Fla. July 30, 2010). The law is clear that costs associated with mediation are not recoverable. *See Comprehensive Care Corp. v. Katzman*, 2011 WL 2938268, at *6 (M.D. Fla. July 21, 2011); *Reis v. Thierry's, Inc.,* 2010 WL 1249076, at *3 (S.D. Fla. Mar. 25, 2010). And Defendant cannot recover expert witness fees for *non-court-appointed expert witnesses*. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

Accordingly, the only costs Defendant can recover under section 1920 are the court reporter costs associated with Plaintiff's and Defendant's depositions in the amount of $535.50.

It is therefore ORDERED AND ADJUDGED that:

1.	Defendant's Verified Motion for Attorney Fees and Costs (Dkt. 70) is denied in part and granted in part for the reasons set forth herein.

2.	The Clerk of Court shall enter a judgment of costs in the amount of $535.50 in favor of Defendant and against Plaintiffs, jointly and severally.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2342.mtfees70.frm